# FORM 1.997. CIVIL COVER SHEET

The civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form shall be filed by the plaintiff or petitioner for the use of the Clerk of the Court for the purpose of reporting judicial workload data pursuant to Florida Statutes section 25.075.

## I.     CASE STYLE

IN THE CIRCUIT COURT OF THE <u>FOURTEENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>BAY</u>   COUNTY, FLORIDA

Case No.: <u>17000171CA</u>
Judge: <u>FENSOM, JAMES B</u> (JDG)

<u>CAROLYN HUTCHINSON</u>
Plaintiff
        vs.
<u>GEICO GENERAL INSURANCE COMPANY</u>
Defendant

## II.     TYPE OF CASE

- ☐ Condominium
- ☒ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☐ Negligence – other
    - ☐ Business governance
    - ☐ Business torts
    - ☐ Environmental/Toxic tort
    - ☐ Third party indemnification
    - ☐ Construction defect
    - ☐ Mass tort
    - ☐ Negligent security
    - ☐ Nursing home negligence
    - ☐ Premises liability – commercial
    - ☐ Premises liability – residential
- ☐ Products liability
- ☐ Real Property/Mortgage foreclosure
    - ☐ Commercial foreclosure $0 - $50,000
    - ☐ Commercial foreclosure $50,001 - $249,999
    - ☐ Commercial foreclosure $250,000 or more
    - ☐ Homestead residential foreclosure $0 – 50,000
    - ☐ Homestead residential foreclosure $50,001 - $249,999
    - ☐ Homestead residential foreclosure $250,000 or more
    - ☐ Non-homestead residential foreclosure $0 - $50,000
    - ☐ Non-homestead residential foreclosure $50,001 - $249,999
    - ☐ Non-homestead residential foreclosure $250,00 or more

- ☐ Other real property actions $0 - $50,000
- ☐ Other real property actions $50,001 - $249,999
- ☐ Other real property actions $250,000 or more

- ☐ Professional malpractice
    - ☐ Malpractice – business
    - ☐ Malpractice – medical
    - ☐ Malpractice – other professional
- ☐ Other
    - ☐ Antitrust/Trade Regulation
    - ☐ Business Transaction
    - ☐ Circuit Civil - Not Applicable
    - ☐ Constitutional challenge-statute or ordinance
    - ☐ Constitutional challenge-proposed amendment
    - ☐ Corporate Trusts
    - ☐ Discrimination-employment or other
    - ☐ Insurance claims
    - ☐ Intellectual property
    - ☐ Libel/Slander
    - ☐ Shareholder derivative action
    - ☐ Securities litigation
    - ☐ Trade secrets
    - ☐ Trust litigation



EXHIBIT
Comp.
B

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

III.   **REMEDIES SOUGHT** (check all that apply):
   ☒   Monetary;
   ☐   Non-monetary
   ☐   Non-monetary declaratory or injunctive relief;
   ☐   Punitive

IV.   **NUMBER OF CAUSES OF ACTION: (     )**
   (Specify)

   <u>3</u>

V.   **IS THIS CASE A CLASS ACTION LAWSUIT?**
   ☐   Yes
   ☒   No

VI.   **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
   ☒   No
   ☐   Yes – If "yes" list all related cases by name, case number and court:

   <u>None</u>

VII.   **IS JURY TRIAL DEMANDED IN COMPLAINT?**
   ☒   Yes
   ☐   No

---

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief.

Signature <u>s/ Robert Waylon Thompson</u>      FL Bar No.: <u>769381</u>
   Attorney or party                                              (Bar number, if attorney)

   <u>Robert Waylon Thompson</u>   <u>02/14/2017</u>
   (Type or print name)                        Date

Filing # 52479550 E-Filed 02/14/2017 02:34:44 PM

IN THE CIRCUIT COURT OF THE FOURTEENTH JUDICIAL CIRCUIT
IN AND FOR BAY COUNTY, FLORIDA

CAROLYN HUTCHINSON, and
her husband, MANUEL B. HUTCHINSON,

     Plaintiffs,

vs.

                                               Case No.:

GEICO GENERAL INSURANCE COMPANY,

     Defendant.

_____/

## COMPLAINT WITH DISCOVERY ATTACHED

Plaintiffs, CAROLYN HUTCHINSON, and her husband, MANUEL B.

HUTCHINSON, by and through their undersigned counsel, hereby sue the Defendant,

GEICO GENERAL INSURANCE COMPANY (hereinafter referred to as "GEICO"),

and state as follows:

## GENERAL ALLEGATIONS

1.     This is an action for damages that are in excess of the minimum

jurisdictional limit of this court.

2.     The accident made the basis of this complaint occurred in Santa Rosa

County, Florida.

3.     CAROLYN and MANUEL B. HUTCHINSON are residents of Bay

County, Florida.

4.     At all times material hereto, Defendant, GEICO, was incorporated under

the laws of the State of Maryland, was authorized to transact business and actually doing

business in the State of Florida, maintained one or more agents or employees in Bay

1

County, Florida, and at all times material hereto, provided uninsured/underinsured motorist coverage to Plaintiffs herein.

**COUNT I**
**UNINSURED MOTORIST BENEFITS**

Plaintiff, CAROLYN HUTCHINSON, by and through her undersigned counsel, hereby sues the Defendant, GEICO, and states as follows:

5. Plaintiff incorporates paragraphs 1 through 3 as if fully set forth herein.

6. At all times material hereto, the Plaintiff was covered under GEICO, Policy Number 432960-7982 (the "Policy"), which provided uninsured motorist stacked benefits to Plaintiff in the amount of $300,000.00. A copy of the Policy as provided by GEICO is attached hereto as **Exhibit "A"**.

7. The policy of insurance was in full force and effect on March 15, 2014, when Plaintiff sustained damages as a result of negligent conduct by an uninsured/underinsured motorist as that term is defined in Defendant, GEICO'S, policy.

8. The damages that Plaintiff is entitled to recover exceed the amount of liability coverage that is available to Plaintiff as a result of the negligence of the uninsured motorist.

9. As a result of the automobile crash caused by an uninsured motorist, Plaintiff, CAROLYN HUTCHINSON, has sustained injuries which have caused and will cause her great pain and anguish, have rendered her permanently unable to enjoy a normal life and have caused her to have to undergo surgery and extensive curative treatment and to incur obligations therefore, which condition is continuing.

10.   All conditions precedent to the bringing of this cause of action have been satisfied or waived.

WHEREFORE, Plaintiff, CAROLYN HUTCHINSON, demands judgment against Defendant, GEICO, for the full amount of her uninsured motorist benefits under the Policy plus costs of this action, and prejudgment interest to the extent allowed by law, and further demands a trial by jury on all issues so triable.

## COUNT II
## CONSORTIUM CLAIM

Plaintiff, MANUEL B. HUTCHINSON, by and through his undersigned counsel, hereby sues the Defendant, GEICO, and states as follows:

11.   That he is the husband of CAROLYN HUTCHINSON.

12.   That as a result of the injuries sustained by CAROLYN HUTCHINSON, as aforesaid, he has sustained the loss of the services and consortium of his wife.

WHEREFORE, Plaintiff, MANUEL B. HUTCHINSON, sues the Defendant, GEICO, and by this Count, seeks damages and respectfully requests a jury trial.

## COUNT III
## VIOLATIONS OF FLA. STAT. § 624.155

Plaintiffs, CAROLYN HUTCHINSON, and her husband, MANUEL B. HUTCHINSON, by and through their undersigned counsel, hereby sue the Defendant, GEICO, and state as follows:

13.   Plaintiffs incorporate paragraphs 1 through 3 as if fully set forth herein.

3

14.     This claim will ripen upon the determination by the Court or by confession of judgment by GEICO that Plaintiffs are entitled to the limit of uninsured motorist benefits under the Policy.

15.     Plaintiffs timely reported this claim to GEICO and otherwise complied with all of their obligations under the contract.

16.     On September 8, 2016, Plaintiffs filed a Civil Remedy Notice of Insurer Violations ("CRN") with the Florida Department of Insurance and served a copy of the CRN upon GEICO. A copy of the CRN is attached hereto as **Exhibit "B"**.

17.     On or about September 12, 2016, GEICO was served, via certified mail/return receipt requested, with a copy of Plaintiffs' CRN.   A copy of the correspondence and executed green card receipt are attached hereto, as **Exhibit "C1"** and **"C2"**, respectively.

18.     GEICO failed to cure the defects giving rise to the CRN within sixty (60) days of the filing and service date of the CRN.

19.     On December 6, 2016, Plaintiffs filed a Second Civil Remedy Notice of Insurer Violations ("CRN") with the Florida Department of Insurance and served a copy of the CRN upon GEICO. A copy of the CRN is attached hereto as **Exhibit "D"**.

20.     On or about December 12, 2016, GEICO was served, via certified mail/return receipt requested, with a copy of Plaintiffs' CRN.   A copy of the correspondence and executed green card receipt are attached hereto, as **Exhibit "E1"** and **"E2"**, respectively.

21.     GEICO failed to cure the defects giving rise to the CRN within sixty (60)

4

days of the filing and service date of the CRN.

22.   As a result of the injuries caused by the negligence of the uninsured motorist and the relationship between the parties under the Policy, GEICO owed a duty to Plaintiffs to attempt in good faith to settle Plaintiffs' uninsured motorist claim when, under all the circumstances, it could and should have done so, had it acted fairly and honestly toward its insureds and with due regard for Plaintiffs' interests. GEICO further owed to Plaintiffs a duty to refrain from engaging in unfair claim settlement practices.

23.   GEICO breached its duties to Plaintiff, in violation of section 624.155, Florida Statutes, by:

> a. failing to attempt, in good faith, to settle Plaintiffs' uninsured motorist claim when, under all of the circumstances, it could have and should have done so, had it acted fairly and honestly and with due regard for Plaintiffs' interests, who was an insured, in violation of section 624.155(1)(b)(1), Florida Statutes;
>
> b. failing to properly train adjusters and claims personnel;
>
> c. placing its own financial interests before that of Plaintiffs;
>
> d. engaging in unfair claims settlement practices in violation of section 626.9541(1)(i)3.a, c, d, f, and g, Florida Statutes. Specifically, GEICO:
>
>> i. failed to adopt and implement standards for the proper investigation of claims, including coverage;
>>
>> ii. failed to acknowledge and act promptly upon communications with respect to Plaintiffs' uninsured motorist claim, including its

5

failure to properly respond to Plaintiffs' multiple written requests for

payment of all uninsured motorist benefits under the Policy;

iii. failed to conduct a reasonable investigation and evaluation of

Plaintiffs' claim, based on the available information;

iv. failed to provide a reasonable written explanation of the basis in

the insurance policy, in relation to the facts or applicable law, for its

lack of reasonable settlement offers; and

v. failed to promptly notify Plaintiffs of any additional information

necessary for the processing of the uninsured motorist claim,

including what information GEICO'S employees required to

properly assess and determine whether Plaintiffs' damages were in

excess of the coverage pursuant to GEICO'S policies and

procedures.

24.     The acts complained of herein constituted GEICO'S general business

practices in that they (a) were expressions of, and in compliance with, standard company

practices and procedures, (b) are said by GEICO to be in conformity with what it

contends are standard and good faith claims practices, and consequently or incidentally,

(c) occur with such frequency as to indicate general business practices.

25.     As a direct and proximate result of GEICO'S actions and/or inactions as set

forth above, Plaintiffs have been damaged.

26.     GEICO failed to cure the defects giving rise to both CRNs within sixty

(60) days of the filing and service date of the CRNs.

27.   As a result of GEICO'S failure to act in good faith and statutory violations alleged above, Plaintiffs are entitled to recover the total amount of their damages pursuant to section 627.727(10), Florida Statutes, including all damages suffered as a result of the crash and all damages caused by GEICO'S failure to act in good faith and statutory violations alleged above.

28.   GEICO'S violation of section 624.155, Florida Statutes has caused damages to Plaintiffs of interest on unpaid benefits, pre-judgment interest accrued since the date of GEICO'S violation; attorney's fees incurred by Plaintiffs in the prosecution of their claim for uninsured motorist benefits and pre-judgment interest thereon; costs incurred in the prosecution of Plaintiffs' claim for uninsured motorist benefits, including expert witness fees; costs incurred in the prosecution of Plaintiffs' claim for violation of section 624.155, Florida Statutes; and post-judgment interest.

29.   As a further direct and proximate result of GEICO'S failure to act in good faith and statutory violations alleged above, Plaintiffs have to retain the services of the undersigned attorneys and contracted with them for the payment of their attorney's fees to bring this action and recover the excess damages owed by GEICO. By operation of law, including sections 624.155, 627.428 and 627.727(10), Florida Statutes, GEICO, will be obligated to pay those fees upon the successful conclusion of Plaintiffs' claim.

30.   All conditions precedent to Plaintiffs' rights to bring this action have occurred or have been satisfied.

WHEREFORE, Plaintiffs request that this Count be stayed pending the final outcome of Counts I and II above, and further demand judgment against Defendant,

7

GEICO, for the total damages suffered by Plaintiffs, pre and post-judgment interest, attorneys' fees pursuant to sections 624.155, 627.727(10), and 627.428, Florida Statutes, costs, and any other relief this Court deems proper, and further demands a trial by jury on all issues so triable.

**DATED** this 13th day of February, 2017.

MANUEL & THOMPSON, P.A.

/s/ R. Waylon Thompson
**R. Waylon Thompson**
Florida Bar No. 0769381
waylon@manuelthompson.com
314 Magnolia Avenue
Post Office Box 1470
Panama City, FL 32402
Ph: 850-785-5555; Fx: 850-785-0133
Attorney for Plaintiffs

IN THE CIRCUIT COURT OF THE FOURTEENTH JUDICIAL CIRCUIT
IN AND FOR BAY COUNTY, FLORIDA

CAROLYN HUTCHINSON, and
her husband, MANUEL B. HUTCHINSON,

     Plaintiffs,

vs.

                                      Case No.:

GEICO GENERAL INSURANCE COMPANY,

     Defendant.
_____/

## PLAINTIFFS' FIRST SET OF INTERROGATORIES PROPOUNDED TO DEFENDANT, GEICO GENERAL INSURANCE COMPANY

Pursuant to Rule 1.340, Florida Rules of Civil Procedure, Plaintiffs, CAROLYN HUTCHINSON, and her husband, MANUEL B. HUTCHINSON, by and through the undersigned counsel, hereby request Defendant, GEICO GENERAL INSURANCE COMPANY, to answer the following interrogatories, in writing and under oath, within the time and in the manner required by the Florida Rules of Civil Procedure.

**DEFINITIONS:**

As used herein, the term "you," "your" or "yours" refer to defendant, its employees, representatives, servants, and unless privileged, its attorneys.

As used herein, the words "document" and "documents" are to be broadly defined to include, without limitation, the following items, whether printed or recorded or reproduced by any other mechanical process or written or produced by hand: contracts, agreements, communications, correspondence, telegrams, telex, memorandum, notes, summaries, memorandum or records of telephone conversations or interview, statements

of witnesses, diaries, reports, receipts, notebooks, note charts, books, ledgers, lists, summaries or records of meetings or conferences, summaries, studies or reports of investigations or negotiations, technical studies or reports, test results, drafts, letters, any marginal comments appearing on any document, voice recording tapes, microfilm or microfiche, photographs, data processing cards or disks, video recording tapes, calendars, grafts, charts, computer print-outs and other computer generated reports, including, but not limited to, appointment books, calendars, bills for services rendered, and receipts. This also includes all drafts of documents and copies of such documents which contain marginal notes or variations of any of the foregoing.

These interrogatories are directed to representatives or agents of Defendant, GEICO GENERAL INSURANCE COMPANY, who have knowledge about the matters that are asked herein, and the individuals answering such questions are requested to sign, designating title, current address and phone number.

## INTERROGATORIES

1.      What is the name and address of the person answering these interrogatories, and, if applicable, the person's official position or relationship with the party to whom the interrogatories are directed?

**Answer:**

2.      List the names and addresses of all persons who are believed or known by you, your agents, or your attorneys to have any knowledge concerning any of the issues

in this lawsuit; and specify the subject matter about which the witness has knowledge.

**Answer:**

3.      Have you heard or do you know about any statement or remark made by or on behalf of any party to this lawsuit, other than yourself, concerning any issue in this lawsuit?  If so, state the name and address of each person who made the statement or statements, the name and address of each person who heard it, and the date, time, place, and substance of each statement.

**Answer:**

4.      State the name and address of every person known to you, your agents, or your attorneys who has knowledge about, or possession, custody, or control of, any model, plat, map, drawing, motion picture, videotape, or photograph pertaining to any fact or issue involved in this controversy; and describe as to each, what item such person has, the name and address of the person who took or prepared it, and the date it was taken or prepared.

**Answer:**

5.  Describe in detail what information you have from any source whatsoever that indicates that the Plaintiff caused or contributed to the accident in question or her injuries.

**Answer:**

6.     Please list any and all policy defenses which you reasonably believe are available with regard to the claims made by the Plaintiff herein and describe in detail the factual and legal basis for any such defenses and give complete names, business addresses and telephone numbers of each and every person believed or known by you, your agents or attorneys, to have knowledge of the facts which would provide the basis for such defenses.

**Answer:**

7.     State the names, residence addresses and business addresses of any and all photographers, investigators or video operators which you have hired to take pictures, motion pictures or videos which are in any way related to this lawsuit.

**Answer:**

8.   List the names, address and official positions of each and every person in your employ or in the employ of anyone on your behalf who has had any involvement in the review of the denial or withholding payment of the Plaintiff's claim and state in what capacity they were involved, the date they were involved and the nature of their involvement.

**Answer:**

9.   State the exact remaining amount of Uninsured/Underinsured Motorist benefits and medical payment benefits (if medical coverage is provided) available under the Plaintiff's policy for the subject collision.

**Answer:**

10.    For each and every request for information sent by you to anyone accompanied by a medical authorization given by the Plaintiff, state the person or company from whom information was requested, the date it was requested, the reason for the request, the date there was a response, the nature of the response, and when, if ever, the same information was requested from the Plaintiff or the Plaintiff's attorney.

**Answer:**

11.    Describe in detail, each act or omission on the part of any party to this lawsuit you contend constituted negligence that was a contributing legal cause of the collision in question.

**Answer:**

12.     With regard to each and every one of the above Interrogatories, for each

Interrogatory which you are refusing to answer claiming privilege, please state:

    a.     The privilege upon which Defendant relies in refusing to answer the Interrogatory and all facts upon which Defendant relies in support of the privilege.

    b.     The names, business addresses, residence addresses, telephone numbers, positions and occupations of all persons known or believed by Defendant to have knowledge concerning the factual basis for Defendant's assertion of privilege with regard to the information.

**Answer:**

**GEICO GENERAL INSURANCE COMPNAY**

By: _____
       Title

STATE OF _____
COUNTY OF _____


       The foregoing was acknowledged before me this ____ day of _____,
2017, by_____ as agent or representative GEICO.
He/she is personally known to me or has produced _____ (type
of identification) as identification and who did/did not take an oath.


                          _____
                          Notary Public
                          My commission expires:

Filing # 52479550 E-Filed 02/14/2017 02:34:44 PM

IN THE CIRCUIT COURT OF THE FOURTEENTH JUDICIAL CIRCUIT
IN AND FOR BAY COUNTY, FLORIDA

CAROLYN HUTCHINSON, and
her husband, MANUEL B. HUTCHINSON,

      Plaintiffs,

vs.

                                                   Case No.:

GEICO GENERAL INSURANCE COMPANY,

      Defendant.

_____/

## PLAINTIFFS' FIRST REQUEST FOR PRODUCTION TO DEFENDANT GEICO GENERAL INURANCE COMPANY

Pursuant to Rule 1.350, Florida Rules of Civil Procedure, Plaintiffs, CAROLYN HUTCHINSON and her husband, MANUEL B. HUTCHINSON, by and through the undersigned counsel, hereby request Defendant, GEICO GENERAL INSURANCE COMPANY, to produce originals or a true and correct copy of the items set forth in the attached Exhibit "A", subject to all objections, within forty-five (45) days of service at the office of the undersigned. Plaintiffs request that all copies or items produced be at least full-size (8 ½" x 11" or 8 ½" x 14") and **legible**, otherwise originals are required.

## DEFINITIONS

1.     As used herein, the terms "you", "your" or "yours" refer to Defendant, its officers, directors, employees, representatives, agents, servants, all other persons or entities related to the Defendant or acting or purporting to act on its behalf, and unless privileged, its attorneys.

2.     As used herein, the word "person" means and includes every natural person

(individual or individuals) including without limitation: corporations, companies, entities, partnerships, limited partnerships, joint ventures, trusts, estates, public agencies, departments, and boards.

3.    As used herein, the words "relating to", "relates to" or "incident to" shall mean    concerning, respecting, referring to, summarizing, digesting, embodying, reflecting, establishing, tending to establish, tending not to establish, evidencing, comprising, connected with, commenting on, responding to, disagreeing with, showing, describing, analyzing, representing, constituting or including.

4.    As used herein, the words "document" and "documents" are to be broadly defined to include, without limitation, the following items, whether printed or recorded or reproduced by any other mechanical process or written or produced by hand: contracts, agreements, communications, correspondence, telegrams, telex, memoranda, notes, summaries, memoranda or records of telephone conversations or interviews, statements of witnesses, diaries, reports, receipts, notebooks, note charts, books, ledgers, lists, summaries or records of meetings or conferences, summaries, studies or reports of investigation or negotiations, technical studies or reports, test results, drafts, letters, any marginal comments appearing on any document, voice recording tapes, calendars, graphs, charts, computer printouts and other computer generated reports, including but not limited to, appointment books, calendars, bills, or copies of such documents which contain marginal notes or variations of any of the foregoing.

5.    As used herein, the word "produce" means to make available for inspection and copying and to separate such documents into groups correlating with the number of

the individual request below.

## INSTRUCTIONS

1.  Defendant shall file a written response to each corresponding paragraph of this Request for Production and shall produce the requested documents and things by the category of request.

2.  If any information is withheld under claim of privilege, furnish a list identifying the information for which the privilege is claimed, together with the following:

(a)  A description of the nature and subject matter to the fullest extent consistent with the privilege or protection claimed;

(b)  The date;

(c)  The name and title of the author(s);

(d)  The name and title of the person(s) to whom the document was addressed;

(e)  The name and title of the person(s) to whom the document was sent;

(f)  The number of pages;

(g)  The paragraph to which the document is otherwise responsive; and

(h)  The nature of the claimed privilege.

(i)  The names, business addresses, telephone numbers, positions, and occupations of all persons known or believed by Defendant to have knowledge concerning the factual basis for Defendant's assertion of privilege with regard to the documents.

3

(j)      All facts upon which Defendant relies in support of the privilege.

## EXHIBIT "A"

1.      Copies of any and all forms, correspondence or reports received by you or any of your agents on your behalf concerning the Plaintiff's medical condition from any source.

2.      Copies of any and all correspondence, forms, notations, memoranda or information transmitted by you in any form whatsoever to any physician's office or health care provider's office concerning the Plaintiff's medical condition.

3.      Any and all statements given by the Plaintiff.

4.      Any and all documentation, writings, memorandums, notes or other materials reflecting that Plaintiff either caused or contributed to causing the automobile collision in question.

5.      Any and all surveillance reports, claims history reports or other investigative reports prepared by you or on your behalf regarding the Plaintiff.

6.      Any and all surveillance films or photographs taken by you or anyone on your behalf of the Plaintiff(s).

7.      Any and all statements taken by you of any witnesses with regard to any fact relevant to any fact in this case.

8.      Any and all photographs or video taken by you showing the extent of the damage to any of the vehicles involved in the collision.

9.      Any and all photographs or video taken by you of the scene of the collision.

10.     Any and all estimates of repair or statements concerning the nature and

4

extent of damage to any of the vehicles involved in the collision.

11.     Any and all writings, memorandums, notes or other materials reflecting examination by the Defendant of any of the vehicles involved in the collision.

12.     Copies of any and all medical documentation from any source that GEICO GENERAL INSURANCE COMPANY obtained through the use of any medical authorizations executed by Plaintiff.

### TO BE SERVED WITH SUMMONS AND COMPLAINT

MANUEL & THOMPSON, P.A.

/s/ R. Waylon Thompson
**R. Waylon Thompson**
Florida Bar No. 0769381
waylon@manuelthompson.com
314 Magnolia Avenue
Post Office Box 1470
Panama City, FL 32402
Ph: 850-785-5555; Fx: 850-785-0133
Attorney for Plaintiffs

Filing # 52479550 E-Filed 02/14/2017 02:34:44 PM

IN THE CIRCUIT COURT OF THE FOURTEENTH JUDICIAL CIRCUIT
IN AND FOR BAY COUNTY, FLORIDA

CAROLYN HUTCHINSON, and
her husband, MANUEL B. HUTCHINSON,

     Plaintiffs,

vs.

                                             Case No.:

GEICO GENERAL INSURANCE COMPANY,

     Defendant.

_____/

## PLAINTIFFS' FIRST REQUEST FOR ADMISSIONS TO DEFENDANT, GEICO GENERAL INSURANCE COMPANY

Pursuant to Rule 1.370 of the Florida Rules of Civil Procedure, Plaintiffs,

CAROLYN HUTCHINSON and her husband, MANUEL B. HUTCHINSON, by and

through her undersigned counsel, hereby requests Defendant, GEICO GENERAL

INSURANCE COMPANY, to admit the truth of the matters of fact hereinafter set forth

and/or the genuineness of the documents attached hereto within thirty (45) days after service

hereof, by answering in writing, by the individual Defendant named above and/or by an

officer or agent of the Defendant, GEICO GENERAL INSURANCE COMPANY, duly

authorized to answer the same.

    1.    Admit that a collision occurred on March 15, 2014, in Bay County, Florida,

involving a motor vehicle operated by JOSIE HARVEY and owned by ANNIE

SCARBOROUGH.

    2.    Admit that the above-referenced collision occurred as a result of the negligent

operation of the motor vehicle by JOSIE HARVEY.

1

3.      Admit that as a result of the accident occurring on or about March 15, 2014, Plaintiff, CAROLYN HUTCHINSON, sustained permanent bodily injuries, legally caused by the negligence of JOSIE HARVEY.

4.      Admit that there was no comparative negligence on the part of Plaintiff, CAROLYN HUTCHINSON, contributing to the accident referenced in the Complaint.

5.      Admit that there was no comparative negligence on the part of Plaintiff, CAROLYN HUTCHINSON, contributing to the injuries she sustained in the subject accident.

6.      Admit that there was no negligence on the part of a third party which was a legal cause of the subject accident.

7.      Admit that all medical treatment received by Plaintiff, CAROLYN HUTCHINSON, as a result of the subject accident was necessary.

8.      Admit that all charges for medical treatment received by Plaintiff, CAROLYN HUTCHINSON, as a result of the subject incident were reasonable in light of charges for similar medical services in the community where rendered.

9.      Admit that Plaintiff purchased a policy of insurance with Defendant, GEICO GENERAL INSURANCE COMPANY, Policy Number 4329607982 (the "Policy"), which provided uninsured motorist coverage to the Plaintiff in the amount of $300,000 per person.

10.     Admit that the policy of insurance described above was in force and effect on March 15, 2014.

2

11.     Admit that Defendant, GEICO GENERAL INSURANCE COMPANY, was timely notified of the loss and has not been prejudiced in any way regarding notice of the claim for the subject accident.

12.     Admit that Plaintiff, CAROLYN HUTCHINSON, has fulfilled all procedural conditions precedent to recovery under the above-referenced policy.

**MANUEL & THOMPSON, P.A.**


/s/ R. Waylon Thompson
**R. Waylon Thompson**
Florida Bar No. 0769381
waylon@manuelthompson.com
314 Magnolia Avenue
Post Office Box 1470
Panama City, FL 32402
Ph: 850-785-5555; Fx: 850-785-0133
Attorney for Plaintiffs

3

Filing # 52479550 E-Filed 02/14/2017 02:34:44 PM

on 17 February, 2017 and served on defendant or named party on 20 February, 2017
by the Florida Department of Financial Services

IN THE CIRCUIT COURT OF THE FOURTEENTH JUDICIAL CIRCUIT
IN AND FOR BAY COUNTY, FLORIDA

CAROLYN HUTCHINSON, and
her husband, MANUEL B. HUTCHINSON,

     Plaintiffs,

vs.

                                         Case No.:  17000171CA

GEICO GENERAL INSURANCE COMPANY,

     Defendant.

_____/

## SUMMONS

To Defendant(s)     **GEICO GENERAL INSURANCE COMPANY**
                          **c/o FLORIDA CHIEF FINANCIAL OFFICER**
                          **AS REGISTERED AGENT**
                          **200 EAST GAINES STREET**
                          **TALLAHASSEE, FLORIDA 32399**

## IMPORTANT

     A lawsuit has been filed against you.  You have **twenty (20) calendar days** after this summons is served upon you to file a written response to the attached Complaint with the Clerk of this Court.  A phone call will not protect you.  Your written response, including the case number given above and the names of the parties, **must** be filed if you want the Court to hear your side of the case.  If you do not file your response on time, you may lose the case, and your wages, money, and property thereafter be taken without further warning from the Court.  There are other legal requirements.  You may want to call an attorney right away.  If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

     If you choose to file a written response yourself, at the same time you file your written response to the Court, you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below:

Plaintiff's Attorney:     **R. Waylon Thompson**
                             MANUEL & THOMPSON, P.A.
                             314 Magnolia Avenue, P. O. Box 1470
                             Panama City, Florida 32402
                             Ph) 850-785-5555

Fx) 850-785-0133

**THE STATE OF FLORIDA:**
**TO EACH SHERIFF OF THE STATE:** You are commanded to serve this SUMMONS and a copy of the COMPLAINT and attachments on the above-named Defendant.

**DATED** this 14th day of February, 2017.

CLERK, CIRCUIT COURT

By: _Virginia Starling_____
        Deputy Clerk

2

*17-000032110*

CHIEF FINANCIAL OFFICER
JEFF ATWATER
STATE OF FLORIDA

| | |
|---|---|
| CAROLYN HUTCHINSON, AND HER HUSBAND, MANUEL B. HUTCHINSON | **CASE #:** 17000171CA |
| | **COURT:** CIRCUIT COURT |
| | **COUNTY:** BAY |
| PLAINTIFF(S) | **DFS-SOP #:** 17-000032110 |

VS.

GEICO GENERAL INSURANCE COMPANY

DEFENDANT(S)
_____/

SUMMONS, COMPLAINT, DISCOVERY

# NOTICE OF SERVICE OF PROCESS

NOTICE IS HEREBY GIVEN of acceptance of Service of Process by the Chief Financial Officer of the State of Florida. Said process was received in my office by MAIL on Friday, February 17, 2017 and a copy was forwarded by ELECTRONIC DELIVERY on Monday, February 20, 2017 to the designated agent for the named entity as shown below.

GEICO GENERAL INSURANCE COMPANY
SHAWN BURKLIN
P.O. BOX 9091
MACON GA 33811

**\*Our office will only serve the initial process(Summons and Complaint) or Subpoena and is not responsible for transmittal of any subsequent fillings, pleadings, or documents unless otherwise ordered by the Court pursuant to Florida Rules of Civil Procedure, Rule #1.080**

Jeff Atwater
Chief Financial Officer

R. WAYLON THOMPSON
314 MAGNOLIA AVENUE
P.O. BOX 1470
PANAMA CITY FL 32402

CA1

Office of the General Counsel - Service of Process Section

IN THE CIRCUIT COURT OF THE FOURTEENTH JUDICIAL CIRCUIT
IN AND FOR BAY COUNTY, FLORIDA

CAROLYN HUTCHINSON, and
her husband, MANUEL B. HUTCHINSON,

      Plaintiffs,

vs.

                                        Case No.:   17000171CA

GEICO GENERAL INSURANCE COMPANY,

      Defendant.
_____/

## SUMMONS

To Defendant(s)    **GEICO GENERAL INSURANCE COMPANY**
                        **c/o FLORIDA CHIEF FINANCIAL OFFICER**
                        **AS REGISTERED AGENT**
                        **200 EAST GAINES STREET**
                        **TALLAHASSEE, FLORIDA 32399**

## IMPORTANT

    A lawsuit has been filed against you. You have **twenty (20) calendar days** after this summons is served upon you to file a written response to the attached Complaint with the Clerk of this Court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, **must** be filed if you want the Court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

    If you choose to file a written response yourself, at the same time you file your written response to the Court, you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below:

**Plaintiff's Attorney:**    **R. Waylon Thompson**
                              MANUEL & THOMPSON, P.A.
                              314 Magnolia Avenue, P. O. Box 1470
                              Panama City, Florida 32402
                              Ph) 850-785-5555

*on 17 February, 2017 and served on defendant or named party on 20 February, 2017 by the Florida Department of Financial Services*

1

Fx) 850-785-0133

**THE STATE OF FLORIDA:**
**TO EACH SHERIFF OF THE STATE:** You are commanded to serve this SUMMONS and a copy of the COMPLAINT and attachments on the above-named Defendant.

**DATED** this 14th day of February, 2017.

CLERK, CIRCUIT COURT

By: _Virginia Starling_
Deputy Clerk

2

IN THE CIRCUIT COURT OF THE FOURTEENTH JUDICIAL CIRCUIT
IN AND FOR BAY COUNTY, FLORIDA

CAROLYN HUTCHINSON, and
her husband, MANUEL B. HUTCHINSON,

      Plaintiffs,

vs.

                                                  Case No.: 17-000171CA

GEICO GENERAL INSURANCE COMPANY,

      Defendant.

_____/

## NOTICE OF FILING

      PLAINTIFFS, CAROLYN and MANUEL B. HUTCHINSON, by and through their

undersigned counsel, hereby give notice of filing the Notice of Service of Process on Defendant,

GEICO GENERAL INSURANCE COMPANY.

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that a copy of the foregoing has been furnished to GEICO

GENERAL INSURANCE COMPANY Atten: Shawn Burklin, P.O. 9091, Macon, GA 33811

via U. S. Mail, this 1st day of March, 2017.

                                **MANUEL & THOMPSON, P.A.**

                                /s/ R. Waylon Thompson_____
                                **R. Waylon Thompson**
                                Florida Bar No. 0769381
                                waylon@manuelthompson.com
                                314 Magnolia Avenue
                                Post Office Box 1470
                                Panama City, FL 32402
                                Ph: 850-785-5555; Fx: 850-785-0133
                                Attorney for Plaintiffs